ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

2014 JAN -2 PH 4: 29

TRUSTEES OF THE NATIONAL RETIREMENT
FUND,

Plaintiffs,

-against-

**COMPLAINT**

SAFETY WEAR, INC. d/b/a MIDWEST LINEN AND
UNIFORM SERVICE,

Defendant.



JUDGE ROMAN

Plaintiffs, by and through their attorneys David C. Sapp and Stephanie Myers Bersak, as

and for their Complaint against Defendant Midwest Linen & Uniform Service, allege as follows:

## NATURE OF ACTION

1.      This is an action by plan fiduciaries to enforce the provisions of a collective

bargaining agreement and the terms of a multiemployer plan and certain statutory obligations

imposed upon by the defendant by Section 515 of the Employee Retirement Income Security Act

of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor

Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections

502(a),(e) and (f) of Employee Retirement Income Security Act of 1974, as amended ("ERISA"),

29 U.S.C. §§ 1132(a), (e) and (f).

3.      Venue is proper in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C.

§ 185(a), Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e) (2), and 28 U.S.C. § 1391(b),

because the plaintiff employee benefit fund maintains its principal administrative offices at 333 Westchester Avenue, White Plains NY 10604.

## PARTIES

4.      Plaintiff National Retirement Fund ("Retirement Fund"), is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2).  Plaintiffs Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.      Upon information and belief, Defendant is a Michigan corporation having or having had its principal place of business at 370 Orchard Lake Road, Pontiac, Michigan 48341.

6.      Defendant was at all times material hereto a party to a Collective Bargaining Agreement with the Chicago and Midwest Regional Joint Board (the "CBA"), which obligated defendant to make contributions to the Retirement Fund and, upon information and belief, defendant remitted contributions to the Retirement Fund pursuant to the CBA.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## BY PLAINTIFF TRUSTEES AGAINST DEFENDANT

7.      Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "6" of this Complaint with the same force and effect as if set forth at length herein.

8.      Contributions to the Retirement Fund from defendant as required by the CBA for the months of January 2013 through and including December 2013 have not been made and are currently due and owing.  By reason thereof, defendant is liable to the Retirement Fund in the principal amount of $15,632.64 for the period stated.

9.       Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contributions from defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Retirement Fund's rules and regulations.

10.       Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees and costs from defendant pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Retirement Fund's rules and regulations.

11.       No prior application has been made for the relief requested herein.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### BY PLAINTIFF TRUSTEES AGAINST DEFENDANT

12.       Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "11" of this Complaint with the same force and effect as if set forth at length herein.

13.       Upon information and belief, the Retirement Fund's Agreement and Declaration of Trust ("Trust Agreement") and the CBA between the Union and Defendant require Defendant to remit monthly Pension Contribution Reconciliation Reports ("Contribution Reports") to the Retirement Fund, which includes the employees' names, hire classifications, social security numbers, and wages paid as the Retirement Fund may require such reports for its sound and efficient operation.

14.       Upon information and belief, complete Contribution Reports required by the Trust Agreement and the CBA for the months of January 2013 through and including December 2013 have not been remitted by defendant and are now due and owing by defendant to the Retirement Fund.  By reasons thereof, Plaintiffs are entitled to an Order and Judgment requiring defendant to remit the required Contribution Reports to the Retirement Fund for the months stated.

3

15.     No prior application has been made for the relief requested herein.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## BY PLAINTIFF TRUSTEES AGAINST DEFENDANT

16.     Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "15" of this Complaint with the same force and effect as if set forth at length herein.

17.     Defendant is now failing and, upon information and belief, will continue to fail to make contributions and remit Contribution Reports to the Retirement Fund in accordance with the terms and conditions of the Trust Agreement and CBA between defendant and the Union unless restrained by the Court.

18.     No prior application has been made for the relief requested herein.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## BY PLAINTIFF TRUSTEES AGAINST DEFENDANT

19.     Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "18" of this Complaint with the same force and effect as if set forth at length herein.

20.     Defendant is at all times material hereto agreed to and was bound by the trust agreements of the Retirement Fund.  Article IV, Section 2 of the Agreement and Declaration of Trust of the Retirement Fund provides that, "An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund".

4

21.    Pursuant to ERISA, Article IV, Section 4 of the trust agreement of the Retirement Fund, and the rules and policies adopted by the Retirement Fund and its Trustees under law and under the trust agreements concerning defendant's obligation to contribute to the Retirement Fund, the Retirement Fund and its trustees and its auditors or accountants have the authority, right, and power to audit the books and records of defendant to determine compliance with defendant's obligation to contribute to the Retirement Fund.

22.    Through telephone conversations with defendant, the Retirement Fund has attempted to schedule an audit of contributions remitted on behalf of defendant's employees to the Retirement Fund for the time period beginning January 1, 2009 through December 31, 2012. Defendant has failed and refused to make its books and records available for audit.

23.    By letter dated March 11, 2013, counsel to the Retirement Fund requested that defendant permit an audit.  Defendant has refused and continues to refuse to permit the audit.  In particular, defendant refuses to provide any and all payroll documents, including weekly payroll reports, quarterly tax filings, and year-end reports.

24.    Plaintiffs are entitled to an order and judgment compelling defendant, its officers, owners, representatives, and agents, and all those acting in concert with them, to submit to an audit by the Retirement Fund, to pay for the costs of the audit, and to pay the reasonable attorneys' fees and costs of this application, and is entitled to such other legal or equitable relief as the Court deems appropriate, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

25.     Defendant also is liable for all contributions to the Retirement Fund which it has failed to make and which the said audit will reveal to be delinquent, together with interest on the unpaid contributions, an amount equal to the greater of interest on the unpaid contributions or liquidated damages not in excess of twenty percent (20%) of the unpaid contributions, reasonable attorneys' fees and costs, and such other legal or equitable relief as the Court deems appropriate, under Section 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

26.     No prior application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a.)     Directing Defendant to pay to the Retirement Fund the principal amount of delinquent contributions totaling $15,632.64; and

b.)     Directing Defendant to pay to THE Retirement Fund interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

c.)     Directing Defendant to pay to the Retirement Fund liquidated damages, to be computed at a rate prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

d.)     Directing Defendant to remit Contribution Reports to the Retirement Fund as required by the CBA for the months of January 2013 through and including December 2013; and

e.)     Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in remitting its contributions and Contribution Reports to the Retirement Fund, and ordering defendant to make such contributions and remit such reports in accordance

with the terms and conditions of the Retirement Fund's rules and regulations and the CBA between defendant and the Union; and

f.)     Directing defendant to pay to the Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

g.)     Compelling the audit, requiring the defendant to pay the costs of the audit and to pay unpaid contributions, interest on the unpaid contributions, and liquidated damages not in excess of twenty percent (20%) of the unpaid contributions; and

h.)     Granting such other legal and equitable relief as the Court deems appropriate.

Dated: January 2, 2013
          White Plains, New York

TRUSTEES OF THE NATIONAL RETIREMENT
FUND, Plaintiffs

By: _____
          David C. Sapp (DS 5781)
          Stephanie M. Bersak (SM 0260)

*Attorneys for Plaintiffs*

333 Westchester Avenue
North Building – Second Floor
White Plains, New York 10604
T: (914) 367-5529
F: (914) 367-2529
dsapp@amalgamatedlife.com
sbersak@amalgamatedlife.com